UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
EDWIN GRANT,                                      :
                                                  :
                           Petitioner,            :     **MEMORANDUM AND ORDER**
                                                  :     **ADOPTING REPORT AND**
           -against-                              :     **RECOMMENDATION**
                                                  :     14-cv-3446 (DLI)(ST)
STEVEN RACETTE, Superintendent,                   :
Clinton Correctional Facility,                    :
                                                  :
                           Respondent.            :
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

Petitioner Edwin Grant ("Petitioner"), timely petitioned for a writ of *habeas corpus* (the "Petition") pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See*, Pet. for Writ of *Habeas Corpus* ("Pet."), Dkt. Entry No. 1. On June 2, 2016, the Court granted Petitioner's motion to stay the proceedings so that he could exhaust his state court remedies. *See*, Consent Mot. to Stay Proceedings Pending Pet'r's Exhaustion of State Remedies, Dkt. Entry No. 11; Electronic Order dated June 2, 2016. On April 12, 2017, after receiving a status report concerning Petitioner's state court proceedings, the Court referred the Petition to the Honorable Steven Tiscione, U.S. Magistrate Judge, for a Report and Recommendation ("R & R"). *See*, Electronic Order dated April 12, 2017.

By letter dated May 15, 2017, Petitioner, with Respondent Steven Racette's ("Respondent") consent, requested a stay of the R & R pending his further exhaustion of state remedies. *See*, Dkt. Entry No. 13. Accordingly, on June 12, 2017, this Court granted the stay, unreferred the case from the magistrate judge, and requested status reports from Petitioner. *See*, Electronic Order dated June 12, 2017. After receiving several status reports from Petitioner, on

April 10, 2018, the Petition was again referred to Magistrate Judge Tiscione for an R & R. *See*, Dkt. Entry Nos. 14–17; Electronic Order dated April 10, 2018.

On March 4, 2019, the magistrate judge issued an R & R recommending that the Petition be denied. *See*, R & R, Dkt. Entry No. 18. Petitioner timely objected to the R & R. *See*, Obj. to R & R ("Obj."), Dkt. Entry No. 19. Respondent responded to Petitioner's objections. *See*, Reply in Opp'n re Obj. to R & R ("Opp'n to Obj."), Dkt. Entry No. 20. For the reasons set forth below, the objections are overruled, the R & R is adopted in its entirety, and the Petition is denied.

## BACKGROUND[1]

Petitioner is serving an aggregate 55-year prison sentence imposed in the Criminal Term of New York State Supreme Court, Kings County on February 27, 2008. Pet. at ¶¶ 1-3. Petitioner was tried before a jury for a shooting and attempted robbery that occurred on May 10, 2006 in Crown Heights, Brooklyn. R & R at 1-6. At Petitioner's trial, the trial court allowed testimony from a prosecution witness and excluded testimony from two defense witnesses. *Id.* at 6.

For the prosecution, Thomas Swann ("Swann"), who was "present at the scene of the crime," testified. *Id.* Prior to trial, Swann had participated in a police line-up where he had failed to identify Petitioner. *Id.* At trial, Swann testified that making an identification at the line-up had been difficult because the men were wearing hats and sitting down and, therefore, he had not been able to "get a good look at them." *Id.* at 7. Swann testified that there were two perpetrators, one with dark skin and one with light skin, and that he had had a "back- and side-view" of the light skinned perpetrator and a "better" view of the dark skinned perpetrator. *Id.* at 6. He further testified that there was a three-foot high dumpster between himself and the perpetrators, and he could see them only from the waist up. *Id.* Swann estimated that the perpetrator was roughly 5'9"

---

[1] In light of the thorough recitation of facts in the R & R, only the facts relevant to the issues before the Court are set forth here.

or 5'10" tall, had a medium frame, was about 23 to 24 years old, and wielded a black gun that looked like a nine-millimeter. *Id.* at 7. Over defense counsel's objection, the prosecutor asked Swann if anyone in the courtroom had the same skin complexion as the light skinned perpetrator. *Id.* Swann replied that Petitioner "looks like him." *Id.* (internal quotation marks and citation omitted).

Defense counsel objected to Swann's in-court identification of Petitioner, arguing that Swann's inability to identify Petitioner at the line-up should preclude the identification. *Id.* The trial court overruled the objection, stating: "There is nothing improper about the district attorney bringing out the fact that the defendant on trial has the same complexion and stature of the individual he observed on the scene and he has absolutely every right to try to explain to this jury why the witness was unable to make an identification during a line-up." *Id.* (internal quotation marks and citation omitted).

Additionally, defense counsel sought to introduce an expert witness and a fact witness, both of whom the trial court excluded. *Id.* at 7-9. Prior to trial, defense counsel had made an application to introduce expert testimony concerning the reliability of eyewitness identifications. *Id.* at 7. The trial court initially ruled that the defense would not be permitted to introduce this expert testimony, but subsequently modified the ruling to permit defense counsel to renew the application at the close of the prosecution's case. *Id.* at 8. Defense counsel did not renew the application at that time. *Id.*

The fact witness was Petitioner's friend, Delon Duncan ("Duncan"). *Id.* Duncan provided testimony regarding Petitioner's whereabouts on the day of the crime, to which the prosecution objected. *Id.* The trial court expressed concern that Duncan, who had not been noticed as an alibi witness as required by New York law, was an impermissible alibi witness. *Id.* at 8-9; *See also*, *Id.*

at 8, n.2. Defense counsel explained that, while Duncan and Petitioner had arranged to meet on the day of the crime, Duncan had missed the meeting and, therefore, he did not qualify as an alibi witness. *Id.* at 9. The trial court ruled that Duncan's proffered testimony was "absolutely irrelevant," and instructed the jury to disregard it. *Id*. (internal quotation marks and citation omitted).

The jury found Petitioner guilty of attempted murder, attempted robbery in the first degree, aggravated assault upon a police officer, and criminal possession of a weapon in the second degree. *Id.* at 6 (citing *People v. Grant*, 94 A.D.3d 1139, 1139 (2d Dep't 2012)). Petitioner appealed to the New York Supreme Court, Appellate Division, Second Department ("Appellate Division"), raising, as relevant here, challenges to three alleged errors at trial: (1) the admission of Swann's in-court identification; (2) the exclusion of the testimony of the expert witness and Duncan; and (3) ineffective assistance of counsel based on trial counsel's failure to object, on constitutional grounds, to the exclusion of the expert witness and Duncan. *See*, Mem. of Law in Supp. of Pet. for a Writ of Habeas Corpus ("Pet. Mem."), Dkt. Entry No. 1-2, at 23. The Appellate Division affirmed Petitioner's conviction. R & R at 9 (citing *Grant*, 94 A.D.3d 1139). Leave to appeal to the New York State Court of Appeals was denied. *See, People v. Grant,* 20 N.Y.3d 1099 (2013).

As to Swann's in-court identification, the Appellate Division upheld the trial court's admission of the identification, holding: "Although the witness could not positively identify the defendant during a pretrial lineup, the witness's inability in that regard related to the weight of his in-court identification, not its admissibility." *Grant*, 94 A.D.3d at 1140 (citations omitted). The Appellate Division did not directly address Petitioner's argument regarding the exclusion of the expert witness, but instead stated at the end of the decision that the "'remaining contentions are unpreserved for appellate review and, in any event, without merit.'" R & R at 19 (quoting *Grant*,

94 A.D.3d at 1142). As to the exclusion of Duncan's testimony, the Appellate Division held that the trial court's decision to preclude the testimony "was not an abuse of discretion under the New York Rules of Evidence." *Id.* at 22 (citing *Grant*, 94 A.D.3d at 1141). Finally, with respect to Petitioner's argument regarding ineffective assistance of counsel, the Appellate Division held that "[c]onsidering the totality of the evidence, the law, and the circumstances of the case, trial counsel provided meaningful representation[.]" *Grant*, 94 A.D.3d at 1141 (citation omitted).

On federal *habeas* review, Petitioner again raised the same constitutional challenges to the trial court's purported errors that had been upheld by the Appellate Division. *See*, Pet. Mem. at 26-54. Respondent responded to the Petition and filed the state court record. *See*, Response to Order to Show Cause ("Resp."), Dkt. Entry No. 8. Petitioner replied. *See*, Reply in Supp. of Pet. for a Writ of Habeas Corpus ("Reply"), Dkt. Entry No. 10. The magistrate judge recommended that the Petition be denied. *See, generally*, R & R.

**LEGAL STANDARD**

When a party objects to a Report and Recommendation, a district judge must make a *de novo* determination with respect to those portions of the Report and Recommendation to which the party objects. *See*, Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b)(3); 28 U.S.C. § 636(b)(1); *See also*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (citation omitted). If, however, a party makes conclusory or general objections, or attempts to relitigate the party's original arguments, the court will review the Report and Recommendation for clear error. *See*, *Robinson v. Superintendent, Green Haven Corr. Facility*, 2012 WL 123263, at *1 (E.D.N.Y. Jan. 17, 2012) (internal quotation marks and citation omitted). Even upon *de novo* review, the court does not "consider arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance." *E. Sav. Bank, FSB v. Johnson*,

5

2020 WL 1452461, at *1 (E.D.N.Y. Mar. 25, 2020) (internal quotation marks and citations omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

## DISCUSSION

Petitioner devotes the majority of his objections to the magistrate judge's recommendation regarding the admission of Swann's in-court identification. *See*, Obj. at 1-5. With respect to the recommendations regarding the exclusion of the defense witnesses and the ineffective assistance of counsel claim, Petitioner simply "relies upon the arguments made in his briefings to this Court" in the Petition. *Id.* at 5.

### I. Admission of Swann's In-Court Identification

In his Petition, Petitioner argued that "Swann's in-court identification was so unreliable that it violated his right to due process under the Fourteenth Amendment and that the Appellate Division's decision upholding its admission was an unreasonable application of clearly established Supreme Court precedent." R & R at 10. The magistrate judge found that the Appellate Division's decision to affirm the admission of the testimony was not an unreasonable application of Supreme Court precedent. *Id.* at 11. This Court concurs with the magistrate judge's finding.

Relying on *Neil v. Biggers*, 409 U.S. 188 (1972), which held that due process "requires the exclusion of identifications engendering a very substantial likelihood of irreparable misidentification" and set forth factors to evaluate the likelihood of such misidentification, the magistrate judge found that Swann's in-court identification may have created an "unconstitutionally unreliable identification." *Id.* at 11-13 (internal quotation marks and citation omitted). However, recognizing that "[t]his Court . . . does not sit in direct review of the Appellate

6

Division's decision[,]" the magistrate judge noted that "AEDPA demands . . . appropriate deference to the decisionmaking authority of the state courts" and, thus, habeas relief is not warranted "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* at 13 (internal quotation marks and citations omitted). Under AEDPA's deferential standard, the magistrate judge found that upholding the admission of Swann's in-court identification was not unreasonable because "fairminded jurists have disagreed over similar identifications." *Id.* at 14.

The magistrate judge further found that, even if the Appellate Division's holding had been unreasonable, the admission of Swann's in-court identification was harmless error. *Id.* at 15. The magistrate judge reached this conclusion by assessing the importance of the purportedly wrongly admitted testimony, taking into consideration "whether the testimony 'bore on an issue that is plainly critical to the jury's decision; whether that testimony was material to the establishment of the critical fact or whether it was instead corroborated and cumulative; and whether the wrongly admitted evidence was emphasized in arguments to the jury.'" *Id.* at 16 (quoting *Wray v. Johnson*, 202 F.3d 515, 526 (2d Cir. 2000)).

At trial, there had been "overwhelming" evidence of Petitioner's guilt, including: (1) testimony from the prosecution's "main witness," Detective Young, who "unequivocally [had] identified Petitioner as the shooter" approximately fifteen minutes after the shooting and again in court; (2) testimony from "several eyewitnesses," who identified the car that had fled the scene of the crime, which was owned by Petitioner's mother and in which Petitioner previously had been pulled over while driving; and (3) eye witness testimony that the perpetrator had been wounded before entering the front passenger side of the car; and (4) DNA test results confirming that the blood found on the front passenger seat of the car was Petitioner's. *Id.* at 16-17. Moreover, the

prosecution had not relied on Swann's in-court identification in its summation. *Id.* at 17. Accordingly, the magistrate judge concluded that, based on the "overwhelming physical and circumstantial evidence[,]" even if no fairminded jurist could agree with the Appellate Division's decision, the admission of Swann's in-court identification was harmless error. *Id.* at 18.

Petitioner contends that the magistrate judge should not have applied the deferential AEDPA standard of review to the Appellate Division's decision because the Appellate Division did not apply the proper constitutional standard when it upheld the admission of Swann's in-court identification. Obj. at 2. According to Petitioner, the Appellate Division did not properly apply the factors set forth in *Biggers* to determine whether there was a substantial likelihood of misidentification, such that due process required the exclusion of the identification. *Id.* Thus, Petitioner concludes that the Appellate Division's adjudication of the claim was "contrary to, or involved an unreasonable application of, clearly established [f]ederal law" and, therefore, was not entitled to AEDPA deference. *Id.* The Court disagrees.

That the Appellate Division did not explicitly mention the *Biggers* factors does not mean that it did not consider them and adjudicate Petitioner's due process claim. A state court need not make explicit reference to a federal claim in order to adjudicate it on the merits. As the Second Circuit has held:

> For the purposes of AEDPA deference, a state court "adjudicate[s]" a state prisoner's federal claim on the merits when it (1) disposes of the claim "on the merits," and (2) reduces its disposition to judgment. When a state court does so, a federal habeas court must defer in the manner prescribed by 28 U.S.C. § 2254(d)(1) to the state court's decision on the federal claim—even if the state court does not explicitly refer to either the federal claim or to relevant federal case law.

*Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (quotation marks in original).

Here, Petitioner argued before the Appellate Division that the trial court's admission of Swann's in-court identification had violated both state evidentiary rules and the Due Process

8

Clause of the Fourteenth Amendment.  *See*, Pet. Appellate Division Br., Dkt. Entry Nos. 8-18 – 8-19, at 57-60.  In deciding the admissibility of Swann's in-court identification, the Appellate Division referenced only Petitioner's evidentiary claim.  *See*, *Grant*, 94 A.D.3d at 1140.

However, the Appellate Division is not required to "use particular language in every case in which a state prisoner presents a federal claim[.]"  *Sellan*, 261 F.3d at 312 (internal quotation marks and citation omitted).  The magistrate judge correctly refrained from imposing upon the Appellate Division the responsibility of explicitly addressing Petitioner's Due Process arguments.  *See*, *Id.* ("The Supreme Court has pointedly instructed us that we have no power to tell state courts how they must write their opinions.") (internal quotation marks and citations omitted).  The Appellate Division's lack of explicit reference to Petitioner's federal claim does not mean that it applied the wrong standard and, therefore, the magistrate judge correctly applied AEDPA deference in his decision.  Accordingly, Petitioner's first objection is overruled.

Petitioner further argues that, even under AEDPA's deferential standard, the Appellate Division's decision to uphold the admissibility of Swann's in-court identification was unreasonable.  Obj. at 2-3.  Petitioner objects to the magistrate judge's finding that fairminded jurists could disagree as to the identification's admissibility, notwithstanding the fact that, when he weighed the *Biggers* factors, he determined that they suggested an unreliable identification.  *Id.* at 3.

The magistrate judge correctly noted that this Court does not sit in direct review of the Appellate Division's decision and, thus, the relevant inquiry is not whether he would have ruled as the Appellate Division did, but whether fairminded jurists could have reached different conclusions regarding the admissibility of Swann's identification.  *See*, R & R at 13-14.  He concluded that fairminded jurists could have reached the same conclusion that the Appellate

9

Division did by considering several cases, similar to the instant one, where an eyewitness who had failed to identify the defendant prior to trial offered a satisfactory explanation for this failure and, therefore, was permitted to make an in-court identification. *Id.* at 14-15 (citing cases). The magistrate judge's analysis on this point was thorough and well reasoned. Accordingly, Petitioner's second objection is overruled.

Finally, Petitioner objects to the magistrate judge's finding that, even if admission of the in-court identification was in error, the overwhelming evidence of guilt at trial renders the error harmless. Obj. at 3-5. Petitioner contends that there were "numerous weaknesses in the prosecutor's case" and provides details about the purported deficiencies with the evidence presented at trial. *Id.* at 4-5.

The Court need not consider the issue of whether the admission constituted harmless error, given that it agrees with the magistrate judge's finding that the Appellate Division's adjudication of the admission of Swann's in-court identification was not unreasonable. However, even if the Court were to reach this issue, it would find that the error was harmless. The evidence contested now by Petitioner is only a portion of the evidence presented against him at trial. As set forth above, the magistrate judge detailed the extensive eye witness testimony, physical and scientific evidence against Petitioner. *See*, R & R at 16-17. In light of the overwhelming evidence presented at trial, the admission of Swann's in-court identification, if in error, would have been harmless. As such, this objection is overruled. *See*, *Wray*, 202 F.3d at 525 ("[T]he erroneous admission of unreliable identification testimony does not warrant relief from the conviction if the error was harmless.") (citations omitted).

**II.     Exclusion of Defense Witness Testimony and Ineffective Assistance of Counsel  Claim**

Petitioner also objects to the magistrate judge's recommendation regarding:  (1) the Appellate Division's finding that the trial court properly had excluded the testimony of the defense's two witnesses, the expert and Duncan; and (2) the Appellate Division's finding that counsel's failure to object to the exclusion of these witnesses did not support a claim for ineffective assistance of counsel.  *See*, Obj. at 5.  Rather than articulating new arguments in support of these objections, Petitioner summarily directs the Court to his Petition.  *Id.*

"Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under" Rule 72.  *Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002).  Accordingly, these objections are not entitled to *de novo* review.  *See*, *Benitez v. Palmer*, 654 F. App'x 502, 503-04 (2d Cir. 2016) (summary order) (holding that "general objection" to R & R "was insufficient to obtain *de novo* review by the district court").  The Court, therefore, reviews this portion of the R & R for clear error and finding none, adopts the magistrate judge's recommendation regarding the exclusion of the two defense witnesses and Petitioner's claim for ineffective assistance of counsel.

[Remainder of the page intentionally left blank.]

## CONCLUSION

For the reasons set forth above, the R & R is adopted in its entirety. Accordingly, the claim for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 is denied. As to Petitioner's request for a certificate of appealability, that request is denied, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See*, Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See*, *Coppedge v. U.S.*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July 2, 2021

/s/
DORA L. IRIZARRY
United States District Judge